UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

GEORGIA SHINAUL, SHATESHA JOHNSON, KENNETH KEMBLE, and DESHAWN GADDY,

                                               Plaintiffs,        **COMPLAINT**

  -against-                                            13 Civ. 8615 (AT)

THE CITY OF NEW YORK, DET. MARK MCDONALD, P.O. RAMON ROSARIO, SGT. EMILE PROVENCHER, and P.O.s JOHN and JANE DOE #1-10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),    **JURY TRIAL DEMANDED**

                                               Defendants.

------------------------------------------------------------------------X

      Plaintiffs GEORGIA SHINAUL, SHATESHA JOHNSON, KENNETH KEMBLE, and DESHAWN GADDY, by their attorney, ROSE M. WEBER, complaining of the defendants, respectfully allege as follows:

### PRELIMINARY STATEMENT

      1.     Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

### JURISDICTION

      2.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

      3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343.

## VENUE

4. Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff GEORGIA SHINAUL is an African-American female, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7. Plaintiff SHATESHA JOHNSON is an African-American female, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

8. Plaintiff KENNETH KEMBLE is an African-American male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

9. Plaintiff DESHAWN GADDY is an African-American male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

10. Plaintiff SHATESHA JOHNSON is plaintiff GEORGIA SHINAUL's daughter and plaintiffs KENNETH KEMBLE and DESHAWN GADDY are plaintiff GEORGIA SHINAUL's sons.

11. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

12. Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State

Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

13. That at all times hereinafter mentioned, the individually named defendants DET. MARK MCDONALD, P.O. RAMON ROSARIO, SGT. EMILE PROVENCHER, and P.O.s JOHN and JANE DOE #1-10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

14. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

15. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

16. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

17. On or about December 9, 2010, at approximately 6:30 a.m., plaintiffs were lawfully present inside the premises known as 2259 Seventh Avenue, Apartment 4E, in the County, City, and State of New York.

18. At the aforesaid time and place, defendant police officers broke down the door of plaintiffs' home.

19. Defendants then aggressively entered the apartment, terrorizing plaintiffs.

20. Defendants had a search warrant that they had procured unlawfully by knowingly providing false information to a judge of the Criminal Court.

21. Defendants unlawfully searched plaintiffs' apartment.

22. Defendants did not find any sort of contraband in plaintiffs' apartment.

23. Nonetheless, defendants handcuffed plaintiffs and took them into custody, despite defendants' knowledge that they lacked probable cause to do so.

24. Defendants transported plaintiffs to a precinct of the New York City Police Department in Manhattan.

25. Plaintiffs SHATESHA JOHNSON and DESHAWN GADDY were released directly from the precinct.

26. Plaintiffs GEORGIA SHINAUL and KENNETH KEMBLE were transported to Manhattan Central Booking and put through the system.

27. After two or more court appearances, plaintiff GEORGIA SHINAUL accepted an Adjournment in Contemplation of Dismissal.

28. Upon information and belief, all charges against plaintiffs SHATESHA JOHNSON, KENNETH KEMBLE, and DESHAWN GADDY were dismissed after multiple court appearances.

29. As a result of the foregoing, plaintiffs sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, and humiliation, and deprivation of their constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

30. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "29" with the same force and effect as if fully set forth herein.

31. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

32. All of the aforementioned acts deprived plaintiffs of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

33. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

34. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

35. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

36. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. As a result of the aforesaid conduct by defendants, plaintiffs were subjected to illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

38. As a result of the foregoing, plaintiffs' liberty was restricted for an extended

period of time, they were put in fear for their safety, and they were humiliated and subjected to handcuffing and other physical restraints, without probable cause.

### THIRD CLAIM FOR RELIEF
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

39. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. Defendants issued legal process to place plaintiffs under arrest.

41. Defendants arrested plaintiffs in order to obtain a collateral objective outside the legitimate ends of the legal process.

42. Defendants acted with intent to do harm to plaintiffs without excuse or justification.

43. As a result of the foregoing, plaintiffs sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, and humiliation, and deprivation of their constitutional rights.

### FOURTH CLAIM FOR RELIEF
### MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

44. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45. Defendants misrepresented and falsified evidence before the District Attorney.

46. Defendants did not make a complete and full statement of facts to the District Attorney.

47. Defendants withheld exculpatory evidence from the District Attorney.

48. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiffs.

49. Defendants lacked probable cause to initiate criminal proceedings against

plaintiffs.

50. Defendants acted with malice in initiating criminal proceedings against plaintiffs.

51. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiffs.

52. Defendants lacked probable cause to continue criminal proceedings against plaintiffs.

53. Defendants acted with malice in continuing criminal proceedings against plaintiffs.

54. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceeding.

55. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiffs' favor when all charges against them were dismissed.

**FIFTH CLAIM FOR RELIEF**
**UNLAWFUL SEARCH UNDER 42 U.S.C. § 1983**

56. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57. As a result of the aforesaid conduct by defendants, plaintiffs' home and possessions were illegally and improperly searched without any probable cause, privilege or consent.

58. The foregoing unlawful search violated plaintiffs' constitutional right to privacy, as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

## SIXTH CLAIM FOR RELIEF
## DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
## UNDER 42 U.S.C. § 1983

59. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60. Defendants created false evidence against plaintiffs.

61. Defendants forwarded false evidence to prosecutors in the New York County District Attorney's Office.

62. Defendants misled juries, judges, and/or prosecutors by providing false testimony and proffering false evidence throughout the criminal proceedings.

63. In creating and forwarding false information to prosecutors, defendants violated plaintiffs' constitutional right to a fair trial under the Sixth Amendment and the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

## SEVENTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

64. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65. Defendants arrested and incarcerated plaintiffs in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiffs' liberty, well-being, safety and constitutional rights.

66. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

67. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies,

usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

68. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, obtaining search warrants by making material misrepresentations to judges, and/or manufacturing evidence allegedly recovered during execution of warrants.

69. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated instances of similar wrongful conduct, as documented by the facts stated in the following civil rights actions filed against the City of New York:

- **Edwin Lopera, et al. v. City of New York,** United States District Court, Eastern District of New York, 03 CV 6441;

- **Ramon Sanchez, et al. v. City of New York,** United States District Court, Southern District of New York, 03 Civ. 1732;

- **Jose Mateo, et al. v. City of New York,** United States District Court, Southern District of New York, 03 Civ. 1733;

- **Matasha Bell v. City of New York,** United States District Court, Southern District of New York, 04 CV 1722;

- **Karen Alicea v. City of New York,** United States District Court, Southern District of New York, 03 Civ. 10249;

- **Tracie Bonneau, et al. v. City of New York,** United States District Court, Southern District of New York, 06 Civ. 5207;

- **Donna Grant, et al. v. City of New York,** United States District Court, Southern District of New York, 06 Civ. 5203;

- **Reynell Lynch v. City of New York,** United States District Court, Southern District of New York, 06 Civ. 13646;

- **Regina Kitching, et al. v. City of New York,** United States District Court, Eastern District of New York, 06 CV 0364;

- **Dena Galloway-Crawford, et al. v. City of New York,** United States District Court, Eastern District of New York, 10 CV 4915;

- **Jonathan Taylor v. City of New York,** United States District Court, Southern District of New York, 09 Civ. 0403;

- **Deborah Porter, et al. v. City of New York,** United States District Court, Eastern District of New York, 06 CV 5926;

- **Diane Davis, et al. v. City of New York,** United States District Court, Southern District of New York, 06 Civ. 13647;

- **Helen Frederick v. City of New York,** United States District Court, Southern District of New York, 06 Civ. 5205; and

- **John Saperstein v. City of New York,** United States District Court, Eastern District of New York, 09 CV 0312.

70. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiffs.

71. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs as alleged herein.

72. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiffs as alleged herein.

73. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiffs' home was invaded and they were falsely arrested and incarcerated.

74. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiffs.

75. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were

directly responsible for the violation of plaintiffs' constitutional rights.

76. The acts complained of deprived plaintiffs of their rights:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from unwarranted and malicious criminal prosecution;

    D. To be free from malicious abuse of process;

    E. To be free from unlawful searches and seizures;

    F. Not to have summary punishment imposed upon them; and

    G. To receive equal protection under the law.

77. As a result of the foregoing, plaintiffs are each entitled to compensatory damages in the sum of one million dollars ($1,000,000.00) and are each further entitled to punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00).

**WHEREFORE**, plaintiffs GEORGIA SHINAUL, SHATESHA JOHNSON, KENNETH KEMBLE, and DESHAWN GADDY each demand judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages and one million dollars ($1,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated:    New York, New York
             December 3, 2013

                                                                                  /s
                                                ROSE M. WEBER (RW 0515)
                                                30 Vesey Street, Suite 1801
                                                New York, NY 10007
                                                (212) 748-3355